```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

MICHAEL MASSEY,                  :
                                 :
     Petitioner,                 :
                                 :           PRISONER
v.                               :    Case No. 3:12cv1293 (RNC)
                                 :
UNITED STATES OF AMERICA,        :
                                 :
     Respondent.                 :
```

RULING AND ORDER

Petitioner Michael Massey brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  He was convicted after a jury trial of bank robbery and possession of a firearm in furtherance of a crime of violence.  An unsuccessful appeal followed.  United States v. Massey, 465 Fed. Appx. 62, 65 (2d Cir. 2012).  The petition challenges the firearms conviction on several grounds stemming from the allegedly improper admission of his confession.  For reasons that follow, the petition is denied.

BACKGROUND

On September 22, 2008, two men wearing masks robbed a bank in Naugatuck.  The taller man, wearing white sneakers and brandishing a firearm, guarded the lobby while the shorter man went behind the counter and filled a bag with cash.  Soon after the two robbers fled, petitioner Massey and another man, Devon Patterson, were arrested following a high-speed vehicle chase.  Massey, who is taller than Patterson, was wearing white sneakers.

Police recovered from the vehicle a handgun, $24,307 in cash (including "bait money"), money bands from the bank, and clothing worn by the robbers during the robbery.  In the hours following the arrest, Massey confessed in writing to committing the robbery with Patterson and admitted orally that he was the one who had brandished the gun.

Prior to trial, Massey moved to suppress his confession on the basis that he had invoked his right to counsel before giving any incriminating statements.  The motion to suppress centered on the factual question of the timing of the confession: when Massey was questioned by Detective Simpson, he waived his rights and gave oral and written statements; when he spoke to Detective Onofrio, he invoked his right to counsel.  After extensive proceedings, I credited the testimony of several police officers that the conversation with Detective Simpson occurred first and thus the motion to suppress was denied.

DISCUSSION

Massey petitions for relief from his conviction on three grounds: (1) his counsel provided ineffective assistance during the plea bargaining process; (2) his counsel provided ineffective assistance in failing to object to use of a misdated waiver of rights form in the suppression hearings; and (3) the Court erred in admitting the confession based on the misdated waiver of rights form.  A fourth ground for relief, alleging insufficient

evidence to convict on the firearms charge, is best construed as an argument that the admission of petitioner's confession was not harmless error.  None of petitioner's arguments provides a basis for relief under § 2255.

To prevail on his claim of ineffective assistance of counsel, petitioner must establish that (1) his counsel's performance fell below an objective standard of reasonableness and (2) but for his counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668 (1984); Brown v. Artuz, 124 F.3d 73, 79-80 (2d Cir. 1997).  When evaluating claims of ineffective assistance, courts apply a "strong presumption" that counsel's representation was "within the 'wide range' of reasonable professional assistance."  Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689).  "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."  Id. at 788.  Courts have "declined to deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox, or downright ill-advised."  Tippens v. Walker, 77 F.3d 682, 686 (2d Cir. 1996) (counsel was constitutionally ineffective because he slept through significant portions of trial).

Massey first argues that his counsel was ineffective in that he failed to inform Massey of his "right" to enter a conditional guilty plea (i.e. a plea that preserved a right to appeal the denial of the motion to suppress the confession).  Massey asserts that he would have pleaded guilty had he known he could receive credit for acceptance of responsibility while still appealing the suppression ruling.  The Sixth Amendment right to counsel extends to the plea bargaining process. Missouri v. Frye, 132 S. Ct. 1399, 1407 (2012).  In the plea negotiation context, the performance prong of the Strickland test is met when counsel affirmatively misadvises the defendant as to the consequences of a plea or fails to inform him of a formal plea offer. Id. at 1408-09; Kovacs v. United States, 744 F.3d 44, 51 (2d Cir. 2014).  But a defendant has no right to be offered a plea. Frye, 132 S. Ct. at 1410.  In the absence of a plea offer, the petitioner must "demonstrate a reasonable probability that the prosecution would have accepted, and the court would have approved," a plea deal resulting in conviction on a lesser charge or a sentence of less prison time. See id. at 1409; Kovacs, 744 F.3d at 52.

Here, the government points out that a defendant needs government and court approval to obtain a conditional plea, Fed. R. Crim. P. 11(a)(2), and it submits an affidavit showing that it

4

would have declined to agree to a conditional plea in this case.[1] The Assistant United States Attorney who prosecuted Massey's criminal proceeding states in the affidavit that at the time the Court ruled on the suppression motion, the government had invested significant time and resources in the case and was substantially prepared for trial.  ECF No. 13-1, at ¶ 5. Accordingly, offering a conditional plea "would not have saved the government much time or conserved substantial resources," and the government would not have agreed to one.  Id.

The Court has no reason to decline to credit this affidavit, and it defeats Massey's claim.  Even if Massey could show that his trial counsel was ineffective for failing to pursue a conditional plea option that would have been rejected, he certainly cannot demonstrate a reasonable probability that the government would have consented to a conditional plea.  Because Massey cannot show that he was prejudiced by his counsel's alleged error, as Strickland requires, his claim is unavailing.[2]

---

[1] Given that the government's amenability to a conditional plea is a matter known only to the government, the question can appropriately be determined by expanding the documentary record rather than holding a full evidentiary hearing.  See Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (in appropriate circumstances, a district court adjudicating a § 2255 case may settle evidentiary questions by choosing this "middle road" between summary dismissal and an in-court proceeding).

[2] In his reply to the government's affidavit, Massey suggests for the first time that his lawyer was ineffective because he did not advise Massey that if he pled guilty unconditionally he could nonetheless contest the suppression ruling by way of a § 2255

5

In ground two, petitioner argues that counsel was constitutionally ineffective for failing to object to the prosecution's use of a misdated *Miranda* waiver form to substantiate the timing of Massey's waiver and confession.  Even assuming counsel's failure to object to the admission of the form fell below an objective standard of reasonableness, which it did not, petitioner cannot establish prejudice.  The Court's decision on the motion to suppress was based on the testimony of witnesses regarding the order in which Detectives Simpson and Onofrio questioned Massey, not the time and date on the written waiver.  See Transcript of Suppression Hearing (Oral Ruling) at 286:24-290:15, Case No. 3:08-cr-246 (ECF No. 131).  Because the motion to suppress would have been denied even if the written waiver had been excluded, this claim is also unavailing.[3]

---

petition.  This claim fails under Strickland because Massey's premise is untrue.  A defendant who enters a valid, unconditional plea of guilty may not collaterally attack his conviction based on constitutional errors preceding the plea. Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." (internal quotation marks and citations omitted)); United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses.").

[3] A defendant need not sign a written form to waive his rights.  See United States v. Boston, 508 F.2d 1171, 1175 (2d Cir. 1974) (affirming district court finding that defendant waived his rights where defendant refused to sign waiver of rights form but answered questions).

Ground three is styled as a claim of "actual innocence" on the firearms charge, but it is better understood as a claim that, in the absence of the confession, there was insufficient evidence to convict on that charge.  The Court construes this as an ineffective assistance claim based on counsel's failure to argue that the evidence was insufficient.  Here again, Massey cannot demonstrate prejudice.  Even if the confession had been suppressed, the evidence was more than sufficient for the jury to convict.[4]  Massey was arrested following a high-speed chase in a vehicle that contained the fruits of the robbery.  Most importantly for the firearms charge, Massey matched the witnesses' description of the gunman: he was the taller of the two men and was wearing white sneakers at the time of his arrest.  This circumstantial evidence was more than sufficient for the jury to find Massey guilty beyond a reasonable doubt.  For this reason, petitioner cannot meet his burden to demonstrate a reasonable probability that the result of the trial would have been different had the confession been suppressed.

CONCLUSION

Accordingly, the petition for a writ of habeas corpus is hereby denied.  Because the petitioner has not shown that he was deprived of a constitutional right, a certificate of

---

[4] See United States v. Massey, 465 Fed. Appx. 62, 65 (2d Cir. 2012) (finding that any error in admitting the confession was harmless beyond a reasonable doubt).

appealability will not issue.  The Clerk may enter judgment and close the case.

So ordered this 15th day of July 2015.

>    /s/
> Robert N. Chatigny
> United States District Judge